## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

EDWARD D. HILL,

        Plaintiff,

v.

REALPAGE, INC. d/b/a LEASING DESK,

        Defendant.

CIVIL ACTION
CASE NO.: 26-cv-911

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Edward D. Hill ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant RealPage, Inc. d/b/a Leasing Desk ("Defendant"), as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA").

2. Plaintiff is a "consumer" and Defendant is a "consumer reporting agency" as those terms are defined in the FCRA.

3. In May 2026, Defendant prepared an inaccurate consumer report concerning Plaintiff ("Report") and provided it to State at Main II a/k/a The Harbor at State and Main apartment community located in Racine, WI ("Harbor") when Plaintiff applied for an apartment with Harbor in May 2026.

4. Plaintiff was denied the opportunity to rent the apartment and suffered other harm as a result of the inaccurate Report Defendant prepared and furnished about him.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a natural person and a "consumer" under the FCRA. He resides in this District and Division.

6. At all times material to this action, Defendant was a foreign corporation doing business in this District.

7. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

8. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) as Defendant conducts business in this District and Division and a substantial portion of events or omissions giving rise to the claims occurred in this District and Division.

10. Defendant is subject to the jurisdiction of this Court.

2

11.    In May 2026, Plaintiff applied to lease an apartment with Harbor which is located in Racine, WI.  Harbor is a 55 year-old and up community designed for senior living and marketed by Defendant as such.  Plaintiff is older than 55 years.

12.    As part of the leasing process, Harbor requested and obtained the Report concerning Plaintiff from Defendant.

13.    Defendant provided Plaintiff's consumer Report to Harbor.  The Report that Defendant provided to Harbor about Plaintiff was a consumer report under the FCRA.

14.    The Report that Defendant prepared and provided to Harbor concerning Plaintiff was inaccurate.  It contained a criminal conviction record for second degree sexual assault ("Criminal Charge").  The Criminal Charge did not belong to Plaintiff.  Plaintiff has never been charged with, arrested for, nor convicted of the crime reflected in the Criminal Charge.  Defendant's Report was inaccurate because it falsely and inaccurately attributed the Criminal Charge to Plaintiff.

15.    Had Defendant even undertaken a basic investigation of publicly available records before it placed the inaccurate Criminal Charge in its credit file for Plaintiff and, further, its consumer report to Harbor, it would have known that

3

the Criminal Charge belonged to one Edward S. Hill and not Plaintiff, Edward D. Hill. Plaintiff does not know Edward S. Hill. Plaintiff and Edward S. Hill bear no resemblance and have never shared an address. They have different middle initials and different dates of birth. Defendant's inclusion of the Criminal Charge belonging to Edward S. Hill was reckless and violated the FCRA.

16. Defendant failed to follow reasonable procedures to assure that the consumer Report it prepared and provided about Plaintiff to Harbor was accurate. Defendant's conduct violated the FCRA.

17. Plaintiff was distraught at being denied for the apartment at Harbor. He was humiliated and suffered emotional distress and reputational harm because Defendant reported to Harbor that Plaintiff had been convicted of such a reprehensible crime.

18. Plaintiff also suffered loss of housing as a result of Defendant's false and inaccurate Report. Since Defendant's publication of the false Report to Harbor Plaintiff has been living with friends and "couch surfing" because he does not want to be further humiliated should he apply for another apartment and have Defendant again report that he was convicted of such a reprehensible criminal charge. Plaintiff has disputed the inaccurate Criminal Charge with Defendant but Defendant has not responded as of the date of filing of this Complaint. Each day that goes by is another day of housing fear and uncertainty faced by Plaintiff.

4

19. As a result of Defendant's violation of the FCRA, Plaintiff suffered damages including being denied the apartment while in need of a safe and cost-effective place to live; denied for senior living housing; emotional distress from inability to secure housing for himself; embarrassment and reputational harm from being denied an apartment and having Harbor see the Criminal Charge accusing Plaintiff of having committed such a crime; sleeplessness from worrying how he would be able to obtain housing given Defendant's false reporting; discomfort from having to sleep in accommodations other than an apartment with a regular bedroom; embarrassment and reputational harm from having to ask friends for a place to live; time and effort reviewing his credit file to understand what Defendant had done and taking steps to investigate the matter on his own; time and effort to make his dispute with Defendant; and other damages to be shown at trial.

20. Plaintiff has also had to retain counsel to protect his rights.

**<u>COUNT ONE:</u>**
**Defendant's Violations of the FCRA – 15 U.S.C. § 1681e(b)**

21. The consumer Report that Defendant prepared concerning Plaintiff was inaccurate for the reasons described above because he was not the subject of and did not commit the crime reflected in the Criminal Charge.

22. Defendant negligently or recklessly/willfully failed to maintain and follow reasonable procedures designed to assure maximum possible accuracy of

5

the information in the consumer Report it prepared on Plaintiff and provided to Harbor.

23. As a result, Plaintiff has suffered and is entitled to recover his actual damages as described in Paragraph 19 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

24. In the alternative, and as a result of Defendant's reckless and willful violations of 15 U.S.C. 1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. 1681n(a)(1)(A).

25. As a result of Defendant's reckless and willful violations of 15 U.S.C. 1681e(b), Plaintiff is entitled to recover punitive damages as allowed by 15 U.S.C. 1681n(a)(2).

26. Plaintiff is also entitled to recover the costs of this action and his reasonable attorneys' fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff requests the following relief:

1. That he have a jury trial on his claims herein;

2. an award of actual damages in his favor;

3. an award of statutory damages in his favor;

4. an award of punitive damages in his favor;

5. an award of his costs and reasonable attorneys' fees; and,

6

6.	all other relief the Court deems just and proper.

Dated: May 22, 2026.	Respectfully submitted,

*/s/ Nathan E. DeLadurantey*
Nathan E. DeLadurantey, 1063937
**DELADURANTEY LAW OFFICE, LLC**
136 E. Saint Paul Ave.
Waukesha, WI 53188
(414) 377-0515
E: nathan@dela-law.com

John A. Love
WIED Bar No. 459155
**LOVE CONSUMER LAW**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com

*Counsel for Plaintiff*

7